UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH J LUZINSKI, et al.,

    Plaintiffs,

v.   Case No. 8:25-cv-1646-KKM-SPF

COVERYS SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

In June 2025, Coverys Specialty Insurance Company removed this bad-faith insurance action from Florida state court. Notice of Removal (Doc. 1). A month later, the plaintiffs moved to remand. Mot. to Remand (MTR) (Doc. 15). Although no one disputes that the parties are diverse and that the amount-in-controversy exceeds $75,000, the plaintiffs argue that Coverys's removal of this action was untimely. *See* 28 U.S.C. § 1446(b). For the below reasons, I agree and grant the motion.

I. BACKGROUND

In March 2023, Plaintiff Dr. Rabeeh El-Refadi and Cogent Healthcare of Jacksonville filed this action in Florida state court (the bad faith case). Compl. (Doc.

1-1). The complaint provides that Dr. El-Refadi is "a citizen of the State of Florida," Cogent "is a foreign corporation licensed to do business within the State of Florida and engaged in the business of providing medical care in and about the State of Florida," and Coverys "is a foreign corporation licensed to do business within the State of Florida and was in the business of issuing and delivering commercial liability insurance policies in Florida." *Id.* ¶¶ 2–4. Dr. El-Refadi and Cogent allege that Coverys, their insurer, acted in bad faith when Coverys failed to settle a medical malpractice claim within policy limits, which resulted in a judgment of $58,518,539.51, plus taxable costs and legal interest, against Cogent, and a judgment of $8,744,149.58, plus taxable costs and legal interest, against Dr. El-Refadi. *Id.* ¶¶ 5–38. Dr. El-Refadi and Cogent claim as damages the value of these judgments, among other things. *See id.* at 11.

In July 2024, Cogent executed an irrevocable Assignment for the Benefit of Creditors. Notice of Removal ¶ 7.[1] Joseph Luzinski, as assignee, filed a petition in state court commencing the assignment (the ABC case). *See* (Doc. 1-2) at 8–9. By

---

[1] "An assignment for the benefit of creditors is an alternative to bankruptcy and allows a debtor to voluntarily assign its assets to a third party in order to liquidate the assets to fully or partially satisfy creditors' claims against the debtor." *Hillsborough County v. Lanier*, 898 So. 2d 141, 143 (Fla. 2d DCA 2005).

virtue of the assignment, Luzinski obtained control over almost all of Cogent's assets, including the bad faith claim in the ongoing action against Coverys. Notice of Removal ¶ 8; *see Akin Bay Co. v. Von Kahle*, 180 So. 3d 1180, 1182 (Fla. 3d DCA 2015) (explaining that the "assignee stands in the shoes of the assignor" for the purposes of reducing to money the assignor's assets). In February 2025, Luzinski moved in the ABC case for approval of, among other things, an Asset Purchase Agreement and a Settlement Agreement. (Doc. 1-2) at 35–49. One of the assets excused from these agreements was the bad faith claim against Coverys. *See id.* at 99. The state trial court granted Luzinski's motion in March 2025. *Id.* at 130–39.

Returning to the bad faith case, the plaintiffs did not effectuate service until January 30, 2025, almost two years after filing the action. Notice of Removal ¶ 5. Due to the delay in service and other issues, Coverys moved to dismiss and to quash service. *Id.* ¶ 6.[2] Coverys did not learn of Cogent's assignment of the bad faith claim until April 2025. *Id.* ¶ 7. That month, on April 14, the parties attended a case management conference in state court. *Id.* ¶ 12. The same day, Luzinski moved to substitute for Cogent as a plaintiff and moved to amend the case style. (Doc. 1-2) at 1–6. In May 2025, the state court granted this motion. (Doc. 1-13) at 297–98. Then,

---

[2] Coverys later withdrew its motions. (Doc. 15-4).

3

on June 18, 2025, the plaintiffs—now Dr. El-Refadi and Luzinski—served their initial disclosures on the Coverys. Notice of Removal ¶ 14. In the initial disclosures, the plaintiffs claimed as damages, among other things, any "unpaid and unsatisfied amount" of the final judgment in the medical malpractice case. (Doc. 1-3) at 11.

Coverys files its notice of removal on June 25, 2025, a week after receiving the initial disclosures. Notice of Removal. The plaintiffs move to remand. MTR.

## II. ANALYSIS

Subject-matter jurisdiction clearly exists over this case. *See* MTR at 9 ("[T]here appears to be no dispute that complete diversity exists between the parties and the amount in controversy exceeds $75,000."). But the notice of removal was untimely under § 1446(b). *See id.* at 9–10; Reply (Doc. 24) at 2–5.

Section 1446(b) prescribes two time-limits for removing an action to federal court. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 757 (11th Cir. 2010). The first applies when the initial pleading is removable. *See* 28 U.S.C. § 1446(b)(1). In this scenario, a defendant must file a notice of removal (1) "within 30 days after the receipt" of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or (2) "within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court

4

and is not required to be served on the defendant." *Id.* The second applies when "the case stated by the initial pleading is not removable." *Id.* § 1446(b)(3). In this scenario, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*[3] This new paper "must contain an unambiguous statement that clearly establishes federal jurisdiction," *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), and it must come from the plaintiff, *see Pretka*, 608 F.3d at 761 ("[O]nly a voluntary act by the plaintiff may convert a non-removable case into a removable one."); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961)[4] (A case "non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits." (quotation

---

[3] There is an exception to this second rule when a defendant attempts to remove a case based on diversity jurisdiction. In that circumstance, a case may not be removed under § 1446(b)(3) "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The plaintiffs do not contend that remand is warranted under this exception.

[4] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

omitted)); *Insinga v. LaBella*, 845 F.2d 249, 252 (11th Cir. 1988) (per curiam). This means that a "defendant cannot show that a previously non-removable case 'has become removable' as a result of a document created by the defendant." *Pretka*, 608 F.3d at 761.

The plaintiffs served Coverys in January 2025 and argue that the initial pleading set forth a removable case; thus, the plaintiffs argue that Coverys's notice of removal filed in June 2025 was untimely. *See* MTR at 9–10 (arguing that the removal fails § 1446(b)(1)'s thirty-day deadline). A review of the complaint indicates otherwise. Although the complaint sets forth an amount-in-controversy that far exceeds $75,000, *see* Compl. ¶¶ 25–38, the complaint does not provide that the original parties were diverse in citizenship. Dr. El-Refadi is listed as a Florida citizen, Cogent is alleged to be a "foreign corporation licensed to do business within the State of Florida," and Coverys is alleged to be "a foreign corporation licensed to do business within the State of Florida." *Id.* ¶¶ 2–4. These allegations do not reveal the presence of diverse citizenship. Even if Coverys was obligated to look outside the four corners of the complaint, *see Bankston v. Ill. Nat. Ins. Co.*, 443 F. Supp. 2d 1380, 1381 (M.D. Fla. 2006), Coverys submits evidence that Coverys is a citizen of New Jersey and Massachusetts, (Doc. 1-4); Notice of Removal ¶ 16, and

6

represents that its "investigation into the citizenship of Cogent's managing members revealed a member who reasonably appeared to defeat complete diversity," Resp. (Doc. 18) at 11; *see Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."). Accordingly, the plaintiffs fail to convince that the initial pleading set forth a removable case.

Even so, remand remains the proper course. Coverys fails to convince that its removal was timely under § 1446(b)(3). First, Coverys does not identify any documents it received in state court that unambiguously establish both components of federal diversity jurisdiction. As noted, the complaint, served on Coverys in January 2025, leaves no doubt that more than $75,000 is at issue in this case. But Coverys does not cite any state court document filed by the plaintiffs containing an unambiguous statement of diversity of citizenship. In its notice of removal, Coverys cites property records in support for the proposition that Luzinski, at all relevant times, "is/was a citizen of Florida, and resided in and/or was domiciled in Broward County, Florida." Notice of Removal ¶ 20; *see* (Doc. 1-5).[5] The only part of the

---

[5] Coverys also cites a website reflecting that Luzinski is "a Senior Managing Director in

state court record that Coverys cites is the plaintiffs' initial disclosures, which states that Luzinski "is a bankruptcy expert in Miami, Florida." Notice of Removal ¶ 18; *see* (Doc. 1-3) at 6. This hardly establishes Luzinski's citizenship. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (per curiam) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." (citations and quotations omitted)). Coverys thus fails to convince that its attempt at removal under § 1446(b)(3), largely predicated on evidence it submitted into the record, is cognizable under Eleventh Circuit precedent. *See Pretka*, 608 F.3d at 760–61.

Even assuming that the state court record allows for removal under § 1446(b)(3), Coverys's attempt to remove remains untimely. For the reasons above, *see supra* at 6–7, this action was not removable before Luzinski's substitution. But when Luzinski was substituted on May 4, 2025, Coverys had the information it needed to determine that diversity jurisdiction existed. Coverys acknowledges as

---

the Miami/Ft. Lauderdale office of DSI Consulting, Inc. with over 35 years of experience in insolvency, restructuring, crisis management advisory, and fiduciary roles across various industries and situations." Notice of Removal ¶ 19.

much concerning diversity of citizenship. *See* Resp. at 5, 12. Indeed, the sole record evidence Coverys cites concerning Luzinski's citizenship, the fact that he is a bankruptcy expert in Florida, was discernable from the exhibits attached to the motion to substitute. *See* (Doc. 1-2) at 66 (listing Luzinski's company as "Development Specialists, Inc.," and his address in Fort Lauderdale).

Coverys focuses most of its argument on the amount-in-controversy. Coverys argues that the amount-in-controversy was unclear until it received the initial disclosures on June 18, 2025. *See* Resp. at 15. This argument is implausible. *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (explaining that "courts may use their judicial experience and common sense" in evaluating removability). Coverys has known since receiving the initial complaint that the amount-in-controversy far exceeded $75,000. *See* Compl. ¶¶ 30–31, 37–38 (Cogent alleging damages exceeding $58,000,000 and Dr. El-Refadi alleging damages exceeding $8,000,000).

Coverys claims uncertainty because of the amount of time between the filing of the complaint and service of the complaint on Coverys. *See* Resp. at 13 (Coverys "had no way of knowing if the damages originally alleged in the original Complaint (some 22 months prior) were the same damages at the time of the substitution of

9

the party Plaintiff from Cogent to Luzinski."). But Coverys does not provide any evidentiary basis for its belief that the insolvency proceeding reduced Cogent's claimed damages from more than $58,000,000 to less than $75,000.

Further undercutting Coverys's timeliness argument is the fact that Luzinski's motion to substitute, filed in April 2025, reaffirms the magnitude of Cogent's claimed damages. *See* (Doc. 1-2) at 1 ("It is alleged that Coverys acted in bad faith by failing to settle medical malpractice claims presented against Cogent, causing Cogent to suffer the entry of final judgment of more than $66 million, plus interest."). Also, as the plaintiffs note, Coverys provides no plausible reason to think that Dr. El-Refadi's damages—claimed to be in excess of $8,000,000—were materially affected by the passage of time since the filing of the complaint. *See* Reply at 5. Under Supreme Court precedent, the case would therefore have remained removable regardless of whether Cogent/Luzinski's damages fell below $75,000. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional

10

amount specified in the statute setting forth the requirements for diversity jurisdiction.").

For these reasons, Coverys fails to meet its burden to show that this action was properly removed. *Cf. Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Coverys attempted to remove this case under § 1446(b)(3) based on evidence it submitted, which Eleventh Circuit precedent forbids. Even if the Eleventh Circuit allowed for such a use of § 1446(b)(3), this action was removable after Luzinski's substitution on May 4, 2025. Coverys admits that, at that point, it was aware that the parties were diverse, *see* Resp. at 12 ("With Luzinski substituted into the action as the real party in interest in May 2025, all parties to the action were determined to be completely diverse."), and Coverys fails to plausibly argue that, on May 4, 2025, there was uncertainty as to whether the amount-in-controversy exceeded $75,000.

## III. CONCLUSION

Accordingly, the following is **ORDERED**:

1. The Motion to Remand (Doc. 15) is **GRANTED**.

2. The Clerk is directed to **REMAND** this action to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County,

Florida, and to transmit a certified copy of this order to the clerk of that court.

3. The Clerk is further directed to **TERMINATE** any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 2, 2025.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge